UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
EDWARD ROCHE,

                                                                  08 Civ. 4813 (NRB ) (DFE)

                    Plaintiffs,

  -against-

FEDERAL EXPRESS CORPORATION
AND JUAN M. BELEN,                                       **ANSWER**

                                   Defendants.
------------------------------------------------------------------------X

       Defendants, FEDERAL EXPRESS CORPORATION and JUAN M. BELEN, by their attorney, ANTHONY W. ECKERT III, ESQ., as and for their Answer to plaintiff's' Verified Complaint, allege upon information and belief, as follows:

      **FIRST:**    Deny the allegations contained in paragraphs "1", "2", "5", "8", "9", "10", "11", "12" and "13" of the Verified Complaint herein.

      **SECOND:**    Admit the allegations contained in paragraphs "3"and "4" of the Verified Complaint herein.

      **THIRD:**    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "6" and "7" of the Verified Complaint herein.

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

      **FOURTH:**    If plaintiff sustained or suffered damages as alleged in the Verified Complaint, which Defendants expressly deny, such damages were caused in whole or in part by plaintiff's negligence, culpable conduct, or assumption of risk, and to the extent of his culpability, plaintiff is

barred from recovery or, alternatively, shall have their damages reduced in the proportion that his culpable conduct bears to all conduct causing or contributing to such damages.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

**FIFTH:** If plaintiff sustained or suffered damages as alleged in the Verified Complaint, which Defendants expressly deny, such damages were suffered and sustained by reason of the negligence or other culpable conduct of persons or entities over whom Defendants exercised no control or supervision, and not by reason of any culpable conduct of Defendants.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

**SIXTH:** Plaintiff's recovery, if any, shall be reduced by the amount of any collateral payments received, in accordance with C.P.L.R. 4545.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

**SEVENTH:** The Verified Complaint fails to state a cause of action against Defendants upon which relief may be granted.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

**EIGHTH:** Plaintiff's injuries were caused in whole or in part by plaintiff's own negligence, and accordingly plaintiff's claims are barred or reduced by the applicable state law of comparative negligence.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

**NINTH:** That the plaintiff did not sustain serious and permanent injuries as defined by Section 5102 of the Insurance Law of the State of New York, and his exclusive remedy is confined and limited to the benefits and provisions of Article 51 of the Insurance Law of the State of New York.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

**TENTH:** The plaintiff's actions are barred by Article 51, §5104 of the Insurance Law of the State of New York.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

**ELEVENTH:** Defendants assert that this case falls within the limited liability provisions of Section 1601 of the Civil Practice Law and Rules, and that the Defendants' liability for non-economic loss, if any, shall be limited to its equitable share determined in accordance with the relative culpability of each person causing or contributing to the total liability.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

**TWELFTH:** Plaintiff's claims are barred and/or diminished in that plaintiff was not wearing a seatbelt at the time and place of the incident described in plaintiff's Verified Complaint. That any damages, injury and/or injuries sustained by plaintiff were caused in whole or in part by the failure of plaintiff to use seatbelts and/or other safety restraint devices which would have avoided or mitigated plaintiff's damages, and the amount of damages found, if any, are to be apportioned among the plaintiff and the Defendants according to the degree of responsibility that

each is found to have in the occurrence in proportion to the entire responsibility of the occurrence.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

**THIRTEENTH**: Plaintiff failed to mitigate his damages.

**WHEREFORE**, defendants, FEDERAL EXPRESS CORPORATION and JUAN M. BELEN, demand judgment dismissing plaintiff's Verified Complaint therein, together with the costs and disbursements of this action.

Dated: New York, New York
      May 30, 2008

                                              ANTHONY W. ECKERT III, ESQ.

                                              By: /s/ Anthony W. Eckert III
                                                   Anthony W. Eckert III (AWE-7949)
                                              Attorney for Defendants
                                              Federal Express Corporation and
                                              Juan M. Belen
                                              555 Fifth Avenue, 15th Floor
                                              New York, New York  10017
                                              (212) 922-0450

TO:    MICHAEL T. RIDGE, ESQ.
           Attorney for Plaintiff
           910 Grand Concourse, Suite 1D
           Bronx, New York 10451
           (718) 590-5400

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK     )
                      ) ss.:
COUNTY OF NEW YORK    )

      I, Brenda Martinez, being duly sworn deposes and says that deponent is not a party to the action, is over the age of 18 and resides in Queens County.

      On the **30th** day of **May 2008**, deponent served the within **ANSWER** upon:

      MICHAEL T. RIDGE, ESQ.
      Attorney for Plaintiff
      910 Grand Concourse, Suite 1D
      Bronx, New York 10451
      (718) 590-5400

the address(es) designated by said attorney(s) by depositing same enclosed in a post-paid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office within the State of New York.

                                                          _____
                                                          Brenda Martinez

Sworn to before me this
30th day of May 2008.

_____
Notary Public

      ANTHONY W. ECKERT III
    Notary Public, State of New York
        No. 02EC4989528
     Qualified in New York County
   Commission Expires Dec. 9, 20_09_